IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL ASAMOAH,**

    **Plaintiff,**

  v.                                      Case No. 2:21-cv-4025
                                                Chief Judge Algenon L. Marbley
                                                Magistrate Judge Elizabeth P. Deavers

**AMAZON.COM SERVICES, INC.,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff Michael Asamoah an Ohio resident proceeding without the assistance of counsel, brings this action. (ECF No. 1-1.) This matter is before the Undersigned for an initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims in their entirety.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[1] Formerly 28 U.S.C. § 1915(d).

2

of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Here, Plaintiff alleges that he worked for Defendant Amazon.com Services, Inc. ("Amazon") from December 4, 2018 to on or around March 15, 2019. (ECF No. 1-1 at PAGEID ## 9-15.) Plaintiff alleges that during his employment, Amazon rewarded Plaintiff for his work through bonuses and gift cards. (*Id.*) Plaintiff alleges that he was the only person in his position who did not miss any days of work prior to early March 2019, and that he never violated any attendance policy or employment policy while working for Amazon. (*Id.*)

Plaintiff alleges that on March 9, 2019, he became sick and went to the doctor, who told him not to go to work for "several days." (*Id.*) Plaintiff alleges that he then called Amazon's Human Resources office to notify them he was sick, and he was instructed to bring a doctor's note with him when he returned to work. (*Id.*) Plaintiff alleges that he then reported to his next scheduled shift on March 15, 2019. (*Id.*) Plaintiff alleges that upon his return, he presented his doctor's note to his new manager, Dalton Ferrell. (*Id.*) Plaintiff alleges that Mr. Ferrell allegedly refused to accept the note and instead informed Plaintiff that he had already been terminated. (*Id.*) Plaintiff alleges that during that interaction, Mr. Ferrell also made remarks that Plaintiff perceived to be racist and discriminatory against his national origin. (*Id.*) Plaintiff alleges that he complained to Mr. Ferrell's boss about Mr. Ferrell's "refusal to accept and honor the valid doctor's note." (*Id.*) Plaintiff alleges that he also reported the incident to Amazon's Human Resources department, who told Plaintiff that Mr. Ferrell's decision to terminate him "was inconsistent with their HR procedures." (*Id.*)

Plaintiff filed a charge of employment discrimination (the "Charge") with the Ohio Civil Rights Commission the next day, on March 20, 2019. (*Id.* at PAGEID # 7) Plaintiff subsequently received a Right to Sue letter from the EEOC. (*Id.*) After filing other related lawsuits in state and federal court (discussed below), Plaintiff then filed this suit *pro se*, asserting five causes of action: equal protection claims, under 42 U.S.C. § 1983, for unlawful race discrimination (Count One) and unlawful national origin discrimination (Count Two); an equal protection claim, under 42 U.S.C. § 1983, for unlawful disability discrimination in violation of the ADA (Count Three); an equal protection claim, under 42 U.S.C. § 1983, for unlawful age discrimination in violation of the ADEA (Count Four); and an equal protection claim for unlawful retaliation, in violation of Title VII (Count Five). (ECF No. 1-1 at PAGEID ## 9-15.)

### III.

Plaintiff's claims are not new to this Court, as this is but one of six cases filed in the Southern District of Ohio related to Plaintiff and his claims of discrimination against Amazon.[1] In each of these cases, Plaintiff has alleged that he was unlawfully retaliated and discriminated against by Amazon, under the exact circumstances and on the same bases as those alleged in the subject Complaint in this case.[2] The Court has evaluated the merits of Plaintiff's claims on numerous occasions. Importantly, on August 17, 2021 (shortly after the subject case was filed), the Court noted Plaintiff's "virtually identical complaints . . . many of which are unquestionably meritless," and declared Plaintiff to be a vexatious litigator.[3] (*Asamoah I*, ECF No. 66.)

Indeed, the Undersigned observes that in this action Plaintiff is merely recycling, verbatim, the same material factual allegations as he pled in *Asamoah I*. (*Compare* ECF No. 1-1 with *Asamoah I*, ECF No. 1.) Not surprisingly, Plaintiff's legal claims in the subject action also echo those from *Asamoah I*, as Plaintiff alleges unlawful discrimination based on race (Count One), national origin (Count Two), disability (Count Three), and age (Count Four), as well as unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count Five) – just as he did in *Asamoah I*. (*Id.*) In *Asamoah I*, however, Plaintiff exclusively alleged violations of Title VII, the Americans with Disabilities Act of 1990 ("ADA"), and the Age

---

[1] *See Asamoah v. Amazon.com Services, Inc.*, S.D. Ohio Case No. 2:20-cv-3305 ("*Asamoah I*"); *Asamoah v. Amazon.com Services, Inc.*, S.D. Ohio Case No. 2:21-cv-0003; *Asamoah v. Amazon.com Services, Inc.*, S.D. Ohio Case No. 2:21-cv-4825; *Asamoah v. Bezos*, S.D. Ohio Case No. 1:22-cv-0465; *Asamoah v. Bezos*, S.D. Ohio Case No. 2:22-cv-3129 ("*Asamoah VI*").

[2] *See generally id.*

[3] Relatedly, in *Asamoah VI*, Defendant Jeff Bezos advised the Court that Plaintiff "has now filed at least **60** lawsuits and appeals across Ohio state and federal courts." (*Asamoah VI*, ECF No. 8 at PAGEID ## 194-195 n. 3 (collecting cases) (emphasis in original).)

Discrimination in Employment Act of 1967 ("ADEA") – and he did not allege constitutional violations – while here Plaintiff asserts equal protection claims, alleging that Amazon violated 42 U.S.C. § 1983 by unlawfully discriminating and retaliating against him:

- Equal protection claims, under 42 U.S.C. § 1983, for unlawful race discrimination (Count One) and unlawful national origin discrimination (Count Two);

- Equal protection claim, under 42 U.S.C. § 1983, for unlawful disability discrimination in violation of the ADA (Count Three);

- Equal protection claim, under 42 U.S.C. § 1983, for unlawful age discrimination in violation of the ADEA (Count Four); and

- Equal protection claim for unlawful retaliation, in violation of Title VII (Count Five).

(ECF No. 1-1 at PAGEID ## 9-15.)

Plaintiff's claims in this action are improper for a number of reasons, the chief among them being that Amazon, a private company, is not a government actor capable of violating Plaintiff's constitutional rights. This is a necessary component for Plaintiff's equal protection claims, as well as any claim arising under 42 U.S.C. § 1983 (which Plaintiff also invokes). *Arucan v. Cambridge E. Healthcare Ctr./Sava Seniorcare, LLC*, 763 F. App'x 415, 422 (6th Cir. 2019) (finding that Plaintiff's equal protection claim fails "because [Defendants] are not state actors.") (citing *Paterek v. Vill. of Armada,* 801 F.3d 630, 649 (6th Cir. 2015) ("The Equal Protection Clause safeguards against the disparate treatment of similarly situated individuals as a result of government action . . . ."); *Campbell v. PMI Food Equip. Grp., Inc.*, 509 F.3d 776, 783 (6th Cir. 2007) ("As a general rule, section 1983 does not . . . prohibit the conduct of private parties acting in their individual capacities.") (internal quotation marks and citation omitted).[4]

---

[4] *See also Beaton v. Amazon.com, Inc.*, No. 120CV00492NONEEPG, 2020 WL 4547292, at *4

While there are circumstances under which Amazon could potentially be considered a "state actor" for purposes of an equal protection claim, or a "person" for purposes of a Section 1983 claim, Plaintiff does not allege any such facts here. (*See* ECF No. 1-1.)[5] This dooms Plaintiff's claims. *Riser v. WSYX-TV ABC-6*, No. C2-02-091, 2002 WL 31409427, at *9 (S.D. Ohio July 17, 2002) ("[S]ince Plaintiffs have failed to allege that Defendants were state actors, the Equal Protection Clause does not apply. The Court therefore finds that, to the extent Plaintiffs have attempted to assert a discrimination claim under federal law, they have failed to state a claim upon which relief may be granted.").

Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims in their entirety.[6] It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore, if Plaintiff moves for leave to appeal *in forma pauperis*, that such request be denied. *See Callihan v. Schneider*, 178 F.3d 800,

---

(E.D. Cal. Aug. 6, 2020), *report and recommendation adopted*, No. 120CV00492AWIEPG, 2021 WL 847834 (E.D. Cal. Mar. 5, 2021), *aff'd*, 859 F. App'x 784 (9th Cir. 2021) ("Amazon is not a state actor and was not acting under color of state law when it allegedly took the actions about which Plaintiff complains. Accordingly, Plaintiff did not state a cognizable federal claim."); *Trammell v. Amazon Corp.*, No. 16-786-GMS, 2016 WL 7104833, at *2 (D. Del. Dec. 2, 2016) ("To the extent[] [Plaintiff] seeks to raise a claim under 42 U.S.C. § 1983 the claim fails because Amazon is not a state actor.").

[5] *See also Warner v. Amazon.com Servs., LLC*, No. 1:21-CV-1885, 2022 WL 2342658, at *6 (N.D. Ohio June 29, 2022) (dismissing Plaintiff's constitutional claims under Section 1983 where "Plaintiff does not appear to allege that Amazon is a state actor.").

[6] To the extent Plaintiff pursues discrimination and retaliation claims solely under Title VII, the ADA, and the ADEA, his claims would be barred by the doctrine of *res judicata*. *Levay v. Morken*, No. 21-1257, 2021 WL 7451691, at *2 (6th Cir. Nov. 15, 2021) ("The doctrine of res judicata prevents relitigation of the same claims or issues that were or could have been raised in a prior suit.") (citing *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)). As discussed herein, Plaintiff already pursued such claims in *Asamoah I*, and the Court dismissed those claims on December 7, 2020 and September 12, 2022. (*See Asamoah I*, ECF Nos. 32, 100.) Accordingly, Plaintiff's claims in this action should be dismissed in their entirety under either theory.

803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**DATED: October 21, 2022**     /s/ *Elizabeth A. Preston Deavers*
                                **ELIZABETH A. PRESTON DEAVERS**
                                **UNITED STATES MAGISTRATE JUDGE**

8